1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| T-MOBILE US, INC. | Civil Action No._____ |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| v. | |
| SIMPLY WIRELESS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff T-Mobile US, Inc. ("T-Mobile") for its Complaint against Defendant, Simply Wireless, Inc. ("Simply Wireless"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for trademark infringement under the Lanham Act and related claims under Washington State law resulting from Simply Wireless's use of T-Mobile trade name and trademarks in connection with the offer for sale, sale and distribution of products and/or services not authorized or sold by T-Mobile.

2. T-Mobile's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. §§ 1051 *et seq.*, and under Washington State law.  As a result of Simply Wireless's acts complained of herein, T-Mobile seeks recovery of actual damages, Simply Wireless's profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 1



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

**THE PARTIES**

3. T-Mobile US, Inc. is a Delaware corporation with a principal office at 12920 SE 38th Street, Bellevue, Washington, 98006.

4. On information and belief, Simply Wireless is a Virginia corporation with its principal place of business at 8484 Westpark Drive, Suite 800, McLean, Virginia 22102.

**JURISDICTION AND VENUE**

5. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (action arising under Lanham Act), and therefore this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (trademark infringement). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

6. The Court has personal jurisdiction over Simply Wireless because Simply Wireless has transacted business within the State of Washington, including entering into contracts with Washington residents, namely T-Mobile. Simply Wireless has also solicited and conducted business with Washington residents by operating commercial, interactive internet websites through which Simply Wireless marketed its products and services in connection with infringing T-Mobile's trademarks. Finally, Simply Wireless has committed tortious acts causing T-Mobile to sustain injury in Washington.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (d) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and Simply Wireless would be subject to personal jurisdiction in this district if it was an independent state.

**FACTS**

**A.   T-Mobile's Trademark Rights**

8. T-Mobile is a well-known national provider of wireless voice, messaging, and data services, and the United States mobile telecommunications subsidiary of Deutsche Telekom AG ("DTAG").

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 2



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

9. DTAG owns the standard character mark T-MOBILE and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"). Copies of the certificates of registration issued by the United States Patent and Trademark Office ("USPTO") are attached hereto as **Composite Exhibit A (CC Ex E)**. The stylized T-Mobile Mark is depicted below:

**T · ·Mobile·**

10. DTAG has granted T-Mobile an exclusive license to use the T-Mobile Marks in the United States and has authorized T-Mobile to enforce said rights in this matter.

11. T-Mobile has invested heavily in developing and maintaining its reputation and the reputation of its brands, including by and through the T-Mobile Marks.

12. The T-Mobile Marks and the T-Mobile name have become an intrinsic and essential part of the valuable goodwill and property of T-Mobile, which protects the respective marks. The T-Mobile Marks are well-established and well-known to customers and the trade as a symbol identifying and distinguishing T-Mobile products and services, and signifying distinctive products and services of high quality.

13. Only T-Mobile and its authorized sublicensees are permitted to use the T-Mobile Marks in the United States.

14. The T-Mobile Marks are valid, distinctive, protectable, have acquired secondary meaning, and are closely associated with T-Mobile in the United States.

15. Due to the amount of advertising, marketing and promotional work by T-Mobile, the T-Mobile Marks have such recognition that they are famous amongst the consuming public in the United States.

**B.     T-Mobile's Past Dealing with Simply Wireless**

16. T-Mobile and Simply Wireless have engaged in at least two prior business relationships between (i) 2003-2009 and (ii) July 2012-June 2015.



17. From 2003 to 2009, Simply Wireless was an authorized dealer of T-Mobile devices and services. This relationship was memorialized in a series of agreements hereinafter referred to as the "Dealer Agreements" and include: 2008 Premier Retailer Agreement; 2008 Semi-Exclusive Retailer Agreement; and 2005 Premier Dealer Agreement.

18. As part of the parties' prior business relationships, Simply Wireless repeatedly entered into numerous contracts with T-Mobile over a span of 15 years that governed the parties' relationship.

19. During the course of that business relationship, Simply Wireless engaged in co-operative advertising with T-Mobile at its retail stores and kiosks, on the radio, in national telesales, including home shopping television segments, in newspapers, on DC metro/billboard advertising on the trains and in the metro stations, with partnerships with other vendors (i.e., Papa Johns and DC United) and in direct mail materials.

20. From July 12, 2012 to June 30, 2015, Simply Wireless and T-Mobile were parties to a Limited Purpose Co-Marketing and Distribution Agreement for Prepay Equipment Sold through HSN and QVC ("HSN Agreement").

21. The relationship between T-Mobile and Simply Wireless and the conduct of business between the parties was conducted in many respects through either the Dealer Agreements or the HSN Agreement.

22. Simply Wireless has previously acknowledged on numerous occasions that T-Mobile (or T-Mobile's parent) owns all intellectual property rights to trademarks owned by T-Mobile.

23. Simply Wireless has also acknowledged numerous occasions that that any goodwill arising out of Simply Wireless's use of the T-Mobile Marks belongs and inures solely to T-Mobile.

24. Through its extensive business dealings with T-Mobile, Simply Wireless created or increased its goodwill and recognition in the marketplace.

C. **Simply Wireless's Ongoing Misconduct**

25. Simply Wireless owns and maintains the website www.simplywireless.com.

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 4



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

26. A portion of the website includes a section with the header "Simply Partners" and includes numerous trademarks of other companies, and specifically includes the T-Mobile Marks:



*See* www.simplywireless.com, last visited April 15, 2021.

27. As part of their prior business dealings, T-Mobile granted Simply Wireless a limited license to utilize the T-Mobile Marks.

28. But any license to utilize the T-Mobile Marks has expired and Simply Wireless has no right or authority to utilize the T-Mobile Marks.

29. T-Mobile is not a "partner" of Simply Wireless and has no authority to represent itself as such.

30. Despite this, Simply Wireless is still representing to the public, at least through its website, that T-Mobile is a partner of Simply Wireless, and is utilizing the T-Mobile Marks to sell and advertise its goods and services.

**COUNT I**
**VIOLATION OF LANHAM ACT**

31. T-Mobile re-alleges and incorporates by reference the allegations set forth above.

32. Simply Wireless's aforementioned conduct constitutes use of T-Mobile's trade name and at least one of the T-Mobile Marks without authorization.



33.     Simply Wireless's use of T-Mobile's trade name and at least one of the T-Mobile Marks in connection with the sale or advertisement of its goods and/or services through www.simplywireless.com has caused, and will further cause, a likelihood of confusion, mistake, and deception as to the source of origin of Simply Wireless's products and/or services, and the relationship between T-Mobile and Simply Wireless.

34.     Simply Wireless's use of the T-Mobile Marks and representation that it is a "T-Mobile Partner" in connection with the sale or advertisement of its goods and/or services evokes an immediate, favorable impression or association, and constitutes a false representation that its products/services and business have some connection, association, or affiliation with T-Mobile. This constitutes false designation of origin and is likely to mislead the trade and public into believing Simply Wireless's products and services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by T-Mobile.

35.     Simply Wireless, in committing the foregoing acts in commerce, has damaged and will continue to damage T-Mobile, and has been unjustly enriched and will continue to unjustly enrich itself at T-Mobile's expense.

36.     Simply Wireless's use of the T-Mobile Marks in promotion of its business misrepresents the nature, characteristics, and/or qualities of its infringing products.  Such promotion is false and/or misleading and deceives or has the capacity to deceive customers.

37.     Simply Wireless's actions constitute a violation of the Lanham Act, including, but not limited to as follows:

      a.     false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B); and

      b.     infringement of federally registered marks under Section 32, 15 U.S.C. §1114.

38.     Simply Wireless knew, at least through the terms of the HSN Agreement and Dealer Agreements, that T-Mobile is the owner of the T-Mobile Marks and that Simply Wireless

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 6



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

has no legal right to use any of these marks on its products or in connection with its services.

39. Simply Wireless is engaged in and continues to engage in the alleged activities knowingly, willfully, and deliberately, so as to justify the assessment of damages under the Lanham Act, including exemplary damages, and an award of T-Mobile's lost profits, Simply Wireless's profits, and T-Mobile's attorneys' fees, to the extent allowable by law.

## COUNT II
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

40. T-Mobile re-alleges and incorporates by reference the allegations set forth above.

41. Simply Wireless's false association of itself as a partner of T-Mobile constitutes an unfair or deceptive act or practice.

42. Simply Wireless has no right to utilize the T-Mobile Marks or represent itself as a "T-Mobile Partner."

43. This unfair or deceptive act or practice was made in trade or commerce at least through Simply Wireless's website advertising its products and services.

44. This unfair or deceptive act has an impact on public interest in that, among other things, it will confuse the public into thinking that T-Mobile is a partner of Simply Wireless when it is not.

45. This has caused injury to T-Mobile including, but not limited to loss of good will amongst its customers based on the actions of Simply Wireless.

46. Such injury was caused by Simply Wireless's unfair and deceptive act of holding itself out as a partner of T-Mobile in that, among other things, a customer will likely associate T-Mobile with complaints they have about Simply Wireless's products and services.

47. T-Mobile is therefore entitled to damages, fees and expenses and other relief as allowable under the Washington Consumer Protection Act and the parties' agreements.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

## **PRAYER FOR RELIEF**

WHEREFORE, T-Mobile respectfully requests a judgment in its favor and for the Court to grant T-Mobile the following relief:

a) Ordering Simply Wireless, its officers, agents, employees, and all those working in concert with Simply Wireless to halt use of the T-Mobile Marks;

b) Awarding T-Mobile its damages and costs as allowed by the Lanham Act and the Washington Consumer Protection Act for Simply Wireless's unlawful use of the T-Mobile Marks;

c) Finding this case "exceptional" due to Simply Wireless's willful and deliberate infringement of T-Mobile's well-known rights, and to award T-Mobile enhanced damages, its reasonable attorneys' fees, and other litigation expenses not subsumed in the award of costs;

d) An award of damages and all other relief as allowed by the Washington Consumer Protection Act; and

e) Awarding all further relief that is just and appropriate.

Dated: April 19, 2021.                             Respectfully submitted,

*/s/ Jessica Andrade*
Gary E. Hood (WA 26209)
Jessica Andrade (WA 39297)
1000 2nd Avenue, Ste. 3500
Seattle, WA 98104
T: (206) 393-5400
F: (206) 393-5401
ghood@polsinelli.com

*Of Counsel*:

*/s/ Jay E. Heidrick*
Jay E. Heidrick
(*pro hac vice application forthcoming*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 8



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1
2 T: (816) 753-1000
F: (816) 753-1536
jheidrick@polsinelli.com

*/s/ Randal S. Alexander*
Randal S. Alexander
Monica M. Gutierrez
(*pro hac vice applications forthcoming*)
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, Illinois 60606
T: (312) 819-1900
F: (312) 819-1910
ghood@polsinelli.com
ralexander@polsinelli.com
mgutierrez@polsinelli.com

*Attorneys for T-Mobile US, Inc.*

COMPLAINT FOR TRADEMARK INFRINGMENT AND
DECLARATORY RELIEF - 9



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400