UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE US, INC., | CASE NO. C21-525RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| SIMPLY WIRELESS, INC., | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Simply Wireless, Inc.'s Motion to Dismiss under Rule 12(b)(6). Dkt. #13. Plaintiff T-Mobile US, Inc. opposes. Dkt. #22. The Court has determined oral argument is unnecessary. For the reasons stated below, the Court GRANTS Simply Wireless's Motion with leave to amend.

## II.   BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the Complaint, Dkt. #1, as true. The Court has not considered exhibits 1, 2, and 3 attached to Defendant Simply Wireless's Motion. Defendant has failed to set forth an adequate basis for taking judicial notice of these exhibits, which are purportedly archival copies of the Simply

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

Wireless website. The Court has considered Exhibit 4, which is a copy of a filing submitted by T-Mobile to the Patent and Trademark Office, but only for notice that such was filed, not for the truth of the materials contained therein. *See* Dkt. #14 at 10–17. There may be an opportunity later in this litigation for the parties to discuss disputed facts outside the pleadings.

Unless stated otherwise, all facts below are from the Complaint. *See* Dkt. #1.

Plaintiff T-Mobile is a national provider of wireless voice, messaging, and data services, and the United States mobile telecommunications subsidiary of Deutsche Telekom AG ("DTAG"). DTAG owns the standard character mark T-MOBILE and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"). DTAG has granted T-Mobile an exclusive license to use the T-Mobile Marks in the United States and has authorized T-Mobile to enforce its rights in this matter.

Simply Wireless sells mobile phones and accessories for all major telecommunication carriers. T-Mobile and Simply Wireless had business relationships from 2003 to 2009 and July 2012 to June 2015. From 2003 to 2009 Simply Wireless was an authorized dealer of T-Mobile devices and services. This relationship was memorialized in a series of agreements hereinafter referred to as the "Dealer Agreements" and include: 2008 Premier Retailer Agreement; 2008 Semi-Exclusive Retailer Agreement; and 2005 Premier Dealer Agreement.

During the course of that business relationship, Simply Wireless engaged in cooperative advertising with T-Mobile at its retail stores and kiosks and through various advertising media.

From July 12, 2012, to June 30, 2015, Simply Wireless and T-Mobile were parties to a Limited Purpose Co-Marketing and Distribution Agreement for Prepay Equipment Sold through HSN and QVC ("HSN Agreement").

Simply Wireless owns and maintains the website www.simplywireless.com. At the time the Complaint was filed, a page on that site included a section with the header "Simply

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 2

Partners" and a list of other companies' logos, *e.g.* Amazon.com, Apple and Samsung, and specifically the T-Mobile Mark.

As part of their prior business dealings, T-Mobile granted Simply Wireless a limited license to use the T-Mobile Marks, but now pleads that any such license has expired and Simply Wireless has no right or authority to use its Marks. T-Mobile does not consider itself a "partner" of Simply Wireless.

The Complaint alleges violations of the Lanham Act through false designation of origin, false advertising, and infringement, as well as violation of the Washington Consumer Protection Act ("CPA"). T-Mobile alleges that, based on the above, customers will be confused and "likely associate T-Mobile with complaints they have about Simply Wireless's products and services."

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B. Analysis

### 1. Lanham Act Claims

T-Mobile asserts claims under 15 U.S.C. § 1125(a)(1)(A) and (B) and 15 U.S.C. § 1114. § 1114 prohibits trademark infringement.  More specifically, it prohibits using a trademark in a way that is likely to confuse consumers about goods or services, such as by confusing consumers into believing that goods or services were made by the trademark's owner when they were not.  Similarly, § 1125(a)(1)(A) and (B) prohibit persons from misleading consumers about the origin or nature of products sold by those persons.

"Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). Once a trademark owner sells his product, the buyer ordinarily may resell the product under the original mark without incurring any trademark law liability. *Id.* (citing *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368-69, 68 L. Ed. 731, 44 S. Ct. 350 (1924)). The reason is that trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.  *Id.*

T-Mobile pleads that Simply Wireless sold its goods and services for years, *see* Dkt. #1 at ¶¶ 17–20, and as Simply Wireless puts it, "does not allege that Simply Wireless no longer

sells T-Mobile goods and services." Dkt. #13 at 12 n.5. Simply Wireless argues it "is entitled to advertise that it sells products and services of T-Mobile," that "using T-Mobile's logo to convey to consumers that Simply Wireless sells such products is not a violation of the Lanham Act," and that "it would be misleading if Simply Wireless sold T-Mobile products *without* using the T-Mobile logo to designate their source of origin." *Id.* at 10 (emphasis in original).

In sum, Simply Wireless argues its conduct *as alleged* hardly demonstrates a violation of the Lanham Act because it is or was a reseller of T-Mobile phones and services. The Court agrees. The sole conduct at issue is the portion of Simply Wireless's website in paragraph 26 of the Complaint. The image reproduced there has the words "Simply Partners" at the top, followed by the corporate logos of 26 companies. Given Simply Wireless's business model, the obvious reason why these companies are identified in this way is that Simply Wireless works with these entities in one capacity or another, such as by selling their goods and services.

T-Mobile has not identified any goods or services sold by Simply Wireless that could support a claim under either statute. T-Mobile's Complaint only refers generally to "Simply Wireless's . . . goods and/or services" and does not identify any good or service it believes to be misleading or otherwise fall afoul of the statutes. *See* Dkt. #1 at ¶ 30. Nothing in the Complaint supports T-Mobile's position that any consumer is confused about who makes or provides the goods and services being purchased at a Simply Wireless stores. Conclusory statements of consumer confusion do not past the *Twombly/Iqbal* test. T-Mobile has failed to plead facts supporting a plausible claim for liability under these statutes.

2. **CPA Claim**

To prevail on its CPA claims, Plaintiff must prove: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Ambach v. French*, 216 P.3d 405, 407 (Wash.

2009); *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009). Whether an act is unfair or deceptive is a question of law for the court. *See Panag*, 204 P.3d at 894.

"[A]n act or practice is deceptive if 'first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material.' . . . [T]he test . . . is whether the net impression created by a solicitation, viewed as a whole rather than as individual parts, is deceptive." *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1266 (W.D. Wash. 2011) (internal citations omitted).

There is no plausible allegation of deception in the Complaint. For the reasons stated above, the Court finds that T-Mobile has failed to allege an unfair or deceptive act and therefore has failed to state a claim under the CPA.

### 3. Statute of Limitations

Simply Wireless also argues T-Mobile knew or should have known of the above logo placement since 2015 when the contractual relationship ended, and that this bars T-Mobile's claims under the applicable statute of limitations or laches. While that certainly may be the case, and seems to follow logically from the record, the Court cannot conclude such as a matter of law without examining evidence outside the pleadings.

### C. Leave to Amend

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*,

371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with the Complaint can possibly be cured by amendment. There has been no previous amendment or evidence of undue delay. Simply Wireless alleges that this case has been filed in bad faith. Prejudice to Simply Wireless if amendment is permitted will be minimal given the procedural posture of this case. Weighing all of the above factors, leave to amend will be granted. However, the Court cautions the parties to carefully consider the costs of proceeding with this case given the mild nature of the accusations and the apparent lack of damages.

## IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6), Dkt. #13, is GRANTED. Plaintiff's claims are DISMISSED with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint. If Plaintiff fails to do so, this case will be closed.

DATED this 11th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE